IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Nathaniel Livingston, Jr., | Case No. 3:12 CV 2880 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Nancy Cornelia Francis, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

**BACKGROUND**

*Pro se* Plaintiff Nathaniel Livingston, Jr. filed this 42 U.S.C. § 1983 action on November 19, 2012. He was notified in a December 5, 2012 Order (Doc. 3) that the Complaint (Doc. 1) did not set forth a valid claim for relief and was ordered to file an Amended Complaint.

Before this Court is the Amended Complaint (Doc. 7), which names the following Defendants: Washtenaw County (Michigan) Family Court Judge Nancy Cornelia Francis; President of the United States Barack Hussein Obama; former Michigan Governor Jennifer Granholm; Michigan Governor Rick Snyder; former Michigan Attorney General Mike Cox; Michigan Attorney General William Duncan Schuette; Hamilton County (Ohio) Sheriff Simon Lawrence Leis, Jr.; Hamilton County Magistrate Michael Louis Bachman; Amanda Estelle Mayes; Domestic Violence Project, Inc., dba Safehouse Center; Barbara Ann Niess; Gwyn Hulswit; Washtenaw County, Michigan; Washtenaw County Clerk/Register Lawrence Kestenbaum; Washtenaw County Trial Court Chief Deputy Clerk

Karen Lynn Edman; Washtenaw County Trial Court Administrator Danny Dwyer; Washtenaw County Sheriff Jerry Clayton; Washtenaw County Office of the Public Defender; Washtenaw County Public Defender Lloyd Powell; First Assistant Washtenaw County Public Defender Timothy Niemann; former Ohio Governor Ted Strickland; Ohio Governor John Kasich; Hamilton County Public Defender; and Ohio Attorney General Mike DeWine.

Plaintiff appears to have perfected service on a number of the Defendants, and some Defendants have filed Motions to Dismiss (Docs. 8, 11, 13, 14, 16, 22, 29 & 30).

### AMENDED COMPLAINT

Plaintiff alleges he is the father of two children, who lived in Cincinnati, Ohio until December 2007, when their mother moved them to Michigan. On January 7, 2008, Plaintiff filed for custody in the Hamilton County Juvenile Court which granted an ex parte custody order in Plaintiff's favor on January 10, 2008. The children's mother, Amanda Mayes, sought and received the assistance of the Domestic Violence Project, Niess, and Hulswit. These Defendants allegedly conspired to falsely accuse Plaintiff of conduct violating the federal Violence Against Women Act and Michigan's Personal Protection Act. Plaintiff contends that Judge Francis also conspired with these Defendants with the goal of issuing an order altering parenting time granted to Plaintiff by the Ohio court. Judge Francis issued an ex parte personal protection order (PPO) from Washtenaw County Court on January 14, 2008. Plaintiff claims Mayes, Niess, and Hulswit knew or should have known Plaintiff did not commit acts alleged before Judge Francis.

Plaintiff further asserts Judge Francis, Kestenbaum, Edman, Dwyer, and others conspired with Mayes to keep Plaintiff from having custody or parenting rights with his children by refusing to accept documents for filing and by not scheduling and conducting hearings. In July 2008, Mayes filed

2

a motion alleging Plaintiff violated the PPO by coming to her house. Plaintiff was ordered, on July 25, 2008, to show cause why he should not be held in contempt, and a hearing was scheduled for August 21, 2008. Plaintiff moved for counsel or for permission to participate by phone from Ohio because he could not afford to travel to Michigan.

On August 21, 2008, Judge Francis denied Plaintiff's request to attend by phone, excused appointed counsel, and held a hearing at which Mayes provided evidence and gave testimony. Judge Francis entered an order on September 3, 2008 finding Plaintiff violated the PPO. A September 18 sentencing hearing was scheduled, but Plaintiff did not appear. Judge Francis issued a bench warrant for Plaintiff's arrest, and he was arrested in Cincinnati on or about October 31, 2008. Plaintiff was detained in jails in Ohio and Michigan until January 29, 2009, when he was released by Judge Francis for time served. *See Mayes v. Livingston*, 2010 WL 4671075 (Mich. App. Ct. 2010). The Michigan Court of Appeals vacated Plaintiff's criminal contempt conviction on the grounds that he was not provided counsel or afforded basic procedural due process protections. *Id.*

The Amended Complaint concludes with allegations that the Governors of Ohio and Michigan, working together with the courts of their respective states, illegally extradited Plaintiff. He also contends Defendants collectively denied him the right to cast a vote in the 2008 election and violated his right to own and bear arms.

**STANDARD OF REVIEW**

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Further, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## LAW AND ANALYSIS

### Venue

There is no basis on which to lay venue in the Northern District of Ohio. Plaintiff indicates his residence is in Toledo, Ohio, but no Defendant is located in this District, and none of the alleged conduct complained of occurred in the Western Division. 28 U.S.C. § 1391(b). And because, as indicated below, this Court determines the Amended Complaint does not set forth a valid claim for relief, it would not be in the interest of justice to transfer this case. 28 U.S.C. § 1406(a).

### Sufficiency of Amended Complaint

There are twenty-four named Defendants, but Plaintiff sets forth allegations mentioning only ten of these Defendants in connection with events he asserts form the basis of his claims. In particular, there are no allegations whatsoever against President Obama; Washtenaw, Michigan;

former Michigan Governor Jennifer Granholm; former Michigan Attorney General Mike Cox; Michigan Attorney General William Duncan Schuette; Hamilton County (Ohio) Sheriff Simon Lawrence Leis, Jr.; Hamilton County Magistrate Michael Louis Bachman; Washtenaw County, Michigan; Washtenaw County Sheriff Jerry Clayton; Washtenaw County Office of the Public Defender; Hamilton County Sheriff Lawrence Leis; former Ohio Governor Ted Strickland; Hamilton County Public Defender; and Ohio Attorney General Mike DeWine. Plaintiff cannot establish the liability of any of these Defendants absent a clear showing that they were personally involved in the activities which form the basis of the alleged unconstitutional behavior, *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381 (6th Cir. 1995), or that his rights were violated by actions which were the result of official policies or customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Amended Complaint simply fails as to these Defendants.

As to the remaining Defendants, even construing the Amended Complaint liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Vague and conclusory claims of conspiracy are insufficient absent the pleading of supporting material facts. *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Further, even if Plaintiff had otherwise set forth a valid claim for relief, it is obvious on the face of the Amended Complaint that the statute of limitations for bringing a Section 1983 claim expired well before Plaintiff filed this action. *LRL Properties v. Portage Metro Housing Auth.*, 55 F. 3d 1097, 1105 (6th Cir. 1995) (holding Ohio's two-year statute of limitations for bodily injury

applies to Section 1983 claims). There would thus be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, 1998 WL 789385, at *1 (6th Cir. 1998) (affirming *sua sponte* dismissal of Section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, 1998 WL 211796, at *1 (6th Cir. 1998) (holding *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

## CONCLUSION

For all the foregoing reasons, this action is dismissed. In light of this dismissal of the Amended Complaint (Doc. 7), pending Motions to Dismiss filed by some Defendants are denied as moot (Docs. 8, 11, 13, 14, 16, 22, 29 & 30).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 31, 2013